**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **CENTURY HOSPITALITY LLC,** <br> **d/b/a BAYMONT INN & SUITES** | § <br> § <br> § | |
| ***Plaintiff,*** | § <br> § | |
| **vs.** | § <br> § | **CIVIL ACTION NO. 1:20-cv-00050** |
| **ARCH SPECIALTY INSURANCE** <br> **COMPANY,** | § <br> § <br> § | |
| ***Defendant.*** | § | |

**DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant Arch Specialty Insurance Company ("Arch"), hereby removes the action styled and numbered *Century Hospitality LLC, d/b/a Baymont Inn & Suites v. Arch Specialty Ins. Co.*, Cause No. B-205108, pending in the 60th District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I. THE STATE COURT ACTION

1. On January 8, 2020, Plaintiff Century Hospitality LLC, d/b/a Baymont Inn & Suites ("Plaintiff") filed its Original Petition in the 60th District Court of Jefferson County, Texas—Cause No. B-205108 against Arch. Plaintiff requested a jury trial.[1]

## II. DEFENDANT ARCH'S REMOVAL IS TIMELY

2. Plaintiff served the Texas Commissioner of Insurance on or about January 13, 2020. Accordingly, Arch files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

[1] *See* Plaintiff's Original Petition, attached as ***Exhibit D***.

## III. VENUE IS PROPER

3. Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV. BASIS FOR REMOVAL

4. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Arch, and the amount in controversy exceeds $75,000 excluding interest and costs.

5. The citizenship of an LLC is determined by the citizenship of all of its members.[2] To establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.[3] Plaintiff is a Texas LLC and has seven members: Surendra Kanu Patel, Kirit Patel, Surendra Patel, Ankur Patel, Sunit Patel, Himanshu Patel, and Gopikrishnan Soundararajan.[4]

6. Surendra Kanu Patel's address on the Texas Secretary of State's website is 2528 W. Foothill Blvd. San Bernardino, CA 92410, and is therefore domiciled in California. Kirit Patel's address on the Texas Secretary of State's website is 11750 Manuel Ave., Loma Linda, CA 92354, and is therefore domiciled in California. Surendra Patel's address on the Texas Secretary of State's address on the Texas Secretary of State's website is 1371 W. Redlands Blvd., Redlands, CA 92393, and is therefore domiciled in California. Ankur Patel's address on the Texas Secretary of State's website is 2610 IH-10 W, Orange, Texas 77632, and is therefore domiciled in Texas. Sunit Patel's

---

2 *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

3 *MidCap Media Fin. LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

4 Documents supporting Plaintiff's membership and citizenship are attached to this Notice of Removal as ***Exhibit I.***

address on the Texas Secretary of State's website is 45 Passaflora Lane, Ladera Ranch, CA 92694, and is therefore domiciled in California. Himanshu Patel's address on the Texas Secretary of State's website is 15 Arbor Walk Lane, Rancho Santa Margarita, CA 92688, and is therefore domiciled in California. Finally, Gopikrishnan Soundararajan's address on the Texas Secretary of State's website is 33 Beacon Way, Aliso Viejo, CA 92656, and is therefore domiciled in California. Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, organized under the laws of the State of Texas with its principal place of business in Texas. Plaintiff is a citizen of Texas and California for purposes of diversity jurisdiction because its members are either a citizen of Texas or California.

7. Arch was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of Missouri, with its principal place of business in New Jersey. Thus, Arch is a citizen of Missouri and New Jersey for purposes of diversity jurisdiction.

8. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Arch.

## V. AMOUNT IN CONTROVERSY

9. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Arch's burden is satisfied.[5]

10. When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[6]

---

[5] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[6] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

11. The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[7] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[8]

12. Plaintiff seeks monetary relief of over $1,000,000.[9]

13. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI. COMPLIANCE WITH 28 U.S.C. § 1446

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 129th District Court of Harris County, Texas.

15. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

---

7 *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

8 *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

9 *See Plaintiff's Original Petition, attached as* ***Exhibit D***.

16. In compliance with Local Rule 81, the following documents are attached:

    A. A list of parties in the case and their party type, attached hereto as **Exhibit A**;

    B. A civil cover sheet, attached hereto as **Exhibit B**;

    C. A copy of the state court docket sheet, attached hereto as **Exhibit C**;

    D. A copy of Plaintiff's Original Petition, attached hereto as **Exhibit D**;

    E. A copy of all process and orders served upon Arch, attached hereto as **Exhibit E**;

    F. A list of Attorneys involved in the action, attached hereto as **Exhibit F**;

    G. A record of which parties have requested trial by jury, attached hereto as **Exhibit G**; and

    H. The name and address of the court from which the case is being removed, attached hereto as **Exhibit H**.

## VII.   JURY DEMAND

Plaintiff demanded a jury trial in its Original Petition.

## VIII.   CONCLUSION

WHEREFORE, Defendant Arch Specialty Insurance Company requests that this action be removed from the 60th Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Kristin C. Cummings*
Kristin C. Cummings – LEAD ATTORNEY
Texas Bar No. 24049828
kcummings@zelle.com
Han N. "Hanna" Kim
Texas Bar No. 24100926
hkim@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANT**
**ARCH SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 12th day of February 2020, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

Marco D. Flores
State Bar No. 24027251
mflores@stormlex.com
Manuel Pelaez-Prada
State Bar No. 24027599
mpp@stormlex.com
**FLORES & PELAEZ-PRADA, PLLC**
3522 Paesano's Parkway, Suite 301
San Antonio, Texas 78231
Telephone: (210) 360-0070
Facsimile: (210) 693-1312
**ATTORNEYS FOR PLAINTIFF**

*/s/ Kristin C. Cummings*
Kristin C. Cummings