# EXHIBIT D

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/8/2020 5:09 PM
JAMIE SMITH
DISTRICT CLERK
B-205108

CAUSE NO. _____

| | | |
|---|---|---|
| CENTURY HOSPITALITY LLC, dba BAYMONT INN & SUITES<br>*Plaintiff,* | § § § § | IN THE DISTRICT COURT |
| VS. | § § | _____ JUDICIAL DISTRICT |
| ARCH SPECIALTY INSURANCE COMPANY<br>*Defendants.* | § § § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

CENTURY HOSPITALITY LLC, dba BAYMONT INN & SUITES ("Plaintiff"), Plaintiff herein, files this Original Petition against Defendant ARCH SPECIALTY INSURANCE COMPANY, ("ARCH SPECIALTY", or "Defendant") and, in support of its causes of action, would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. THE PARTIES

Plaintiff, CENTURY HOSPITALITY LLC, dba BAYMONT INN & SUITES owns property made the basis of this lawsuit in Jefferson County, Texas. Said property is the Baymont Inn & Suites located at 3801 Highway 73, Port Arthur, Texas 77642.

Defendant, ARCH SPECIALTY INSURANC COMPANY ("ARCH SPECIALTY") is a foreign insurance entity, authorized to conduct insurance business in Texas through its third-party



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
*Jamie Smith* Page 1 of 12

1

administrators, syndicates, and/or cover holders, and may be served with process via registered or certified mail, return receipt requested, upon the office of the Texas Commissioner of Insurance, located at 333 Guadalupe St., 13th Floor, Austin TX 78701, to be forwarded to Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

### III. CLAIMS FOR RELIEF

As required by Rule 47 Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff currently seeks monetary relief over $1,000,000.00. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate and attorney's fees.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff reserves the right to amend their petition during and/or after the discovery process or whenever circumstances dictate.

This Court has jurisdiction over Defendant ARCH SPECIALTY because this Defendant engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiff would also show that Defendant ARCH SPECIALTY has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant ARCH SPECIALTY to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

2



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 2 of 12

Furthermore, Plaintiff would also show that Defendant ARCH SPECIALTY engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in Texas, and recruits or has recruited Texas residents for employment inside or outside the state. Further, Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

Venue is proper in Jefferson County because all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Jefferson County. Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of these Defendants' business activities in the State of Texas.

## V. FACTUAL BACKGROUND

Plaintiff is a named insured under a property insurance policy (#ESP 0054308-04) issued by ARCH SPECIALTY which covers the property at issue during the date(s) of loss which are the subject of this lawsuit.

On or about August 25, 2017, or during another time within the policy periods, storms related to Hurricane Harvey hit the Jefferson County Texas area, damaging Plaintiff's property and other properties. Plaintiff timely filed a claim on its insurance policy seeking benefits for covered damages. Plaintiff is alleging storm-related damages to the insured property that was either overlooked or ignored by Defendants.

ARCH SPECIALTY, through their third-party agents, consultants, adjusters, and administrators, assigned McLarens to investigate the claim for storm damage to Plaintiff's property.


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 3 of 12

3

McLarens assigned J. Phillip Dempsey ("Dempsey") to visit Plaintiff's Property and attempted to conduct an inspection but was unable or unwilling to perform or complete a reasonable inspection of the Property. Upon information and belief, Dempsey was improperly trained and failed to perform a thorough investigation of Plaintiff's storm damage claim. Specifically, Dempsey failed to notice blatantly visible storm damage to the entire roof of the property, and failed to attribute interior water damage to the wind created opening caused by Hurricane Harvey.

On or about December 14, 2017, at the direction of Defendant and McLarens, engineers from Envista Forensics were requested to inspect the property. Envista Forensics conducted a substandard investigation and inspection of the property, prepared a report that failed to include any of the damages that were apparent during the inspection, and/or undervalued the damages that were observed during the inspection. Despite obvious storm-related damage to the property's entire roof and exterior, the engineer concluded that there were only thirteen shingles were damaged and in need of repair. The engineer further incorrectly stated that "The storm-caused openings did not lead to interior water damage." The engineer report provided by Envista was provided to Plaintiff by Defendant and McLarens as the basis for their underpayment or denial. As a result, this unreasonable investigation led to the wrongful underpayment and/or denial of Plaintiff's claim. The adjuster, Dempsey ignored or knowingly failed to include covered damages or damages that in good faith should have been subject to coverage per the insured's policy.

Plaintiff alleges the actual covered damage to the Property as a result of the Storm exceeds the sum of $1,000,000, which is continuing to increase each day that Defendants fail and refuse to pay the Plaintiff's claim due to increases in the costs of labor and materials. Upon information

4


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 4 of 12

and belief, Defendant's unreasonable investigation in this case failed to include any of the damages listed in Plaintiff's Expert Report that Plaintiff alleges were storm-related.

### Individual Acts of J. PHILLIP DEMPSEY Conferring Individual Liability

The following paragraphs contain allegations of Dempsey's individual acts that make him individually liable to Plaintiff for the losses and damages sustained by Plaintiff as a direct, producing and proximate cause of the acts of omission and commission for which Plaintiff here now sues for the recovery of monetary damages within the jurisdictional limits of this Court against these Defendants.

1. Upon information and belief, Dempsey was negligent in violating Defendant ARCH SPECIALTY'S written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiff's insured Property. Additionally, based upon information and belief and the independent acts and practices actually employed by Dempsey, he held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiff herein.

2. Upon information and belief, Dempsey's investigation and inspection for damages to the Plaintiff's Commercial Property was for an insufficient time period to perform an adequate assessment of the damage to this Property based on its size and complexity.

3. Due to lack of experience, training, and interest in properly adjusting this claim, Dempsey failed to and/or refused to notice blatantly visible storm-related damages to Plaintiff's property, including but not limited to the roofs on numerous buildings insured by the Defendant.

5


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 5 of 12

4. Due to lack of experience, training, and interest in properly adjusting this claim, Dempsey failed to and/or refused to properly interview the Plaintiff or other persons with knowledge of the Property to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

5. Dempsey refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist on property that has gone through hail and wind storms of the severity of that which occurred in Jefferson County over the past year.

6. Dempsey failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Jefferson County area for the repair, replacement and restoration of the Plaintiff's Property damaged by the Storm.

7. Upon information and belief, Dempsey, during his investigation of the Plaintiff's claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiff's covered Storm Property losses to Defendant ARCH SPECIALTY.

8. Dempsey's failure to notice the obvious hail and/or wind damage to Plaintiff's property is evidence that he did not conduct a reasonable investigation and that he adjusted Plaintiff's claim in bad faith.

## VI. CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following:

Defendant ARCH SPECIALTY is liable to Plaintiff for breach of contract, as well as violations of the Texas Insurance Code and Deceptive Trade Practices Act; and breach of the common-law duty of good faith and fair dealing.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 6 of 12

6

### A. Breach of Contract

ARCH SPECIALTY had a contract of insurance with Plaintiff. ARCH SPECIALTY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

The failure of ARCH SPECIALTY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code. To this date, Plaintiff has yet to be compensated for its covered damages under policy. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 10% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. Statutory Violations: Bad Faith/Deceptive Trade Practices Act ("DTPA")

Defendant ARCH SPECIALTY is required to comply with Chapter 541 of the Texas Insurance Code.

Defendant violated Section 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

Defendant violated Section 541.060 by:

(1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
*Jamie Smith*

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. Specifically, Defendants failed to notice blatantly visible hail damage to the soft metals on the roof of the property;

Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendants violated the Texas DTPA in the following respects:

(1) Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) ARCH SPECIALTY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

8

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 8 of 12

(3) ARCH SPECIALTY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that ARCH SPECIALTY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

### D. Breach of The Duty of Good Faith and Fair Dealing

Plaintiff repleads all of the material allegations above set forth previously and incorporates the same herein by this reference as if here set forth in full.

Defendant ARCH SPECIALTY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

Defendant ARCH SPECIALTY'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, ARCH SPECIALTY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E. Responsibility for Acts of Agents and Ratification of Acts

J. Phillip Dempsey, whose conduct is referenced herein and above, is an agent of McLarens and Defendant ARCH SPECIALTY INSURANCE COMPANY based upon his acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments,

9


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 9 of 12

and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

## VII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the hailstorm and/or windstorm at issue have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 10 of 12

owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### VIII. CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

### IX. JURY DEMAND

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiff hereby tenders the appropriate jury fee.

### X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it is justly entitled to.

*Signature block on next page.*

11

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 11 of 12

Respectfully submitted,

**FLORES & PELAEZ-PRADA, PLLC**

By: _____
MARCO D. FLORES
State Bar No. 24027251
mflores@stormlex.com
MANUEL PELAEZ-PRADA
State Bar No. 24027599
mpp@stormlex.com
3522 Paesano's Parkway, Suite 301
San Antonio, TX 78231
210.361.0070 (Telephone)
210.693.1312 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
CENTURY HOSPITALITY LLC, dba
BAYMONT INN & SUITES**

12



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 03, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 12 of 12



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**February 03, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*

Certified Document Number: 2165131  Total Pages: 12

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us**